IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADAM DIAZ, § | |
| #01204201, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:22-cv-00847-M (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Adam Diaz, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Diaz's petition as barred by limitations.

I.

A Dallas County jury convicted Diaz of capital murder. *See* Case No. F-02-54420-MJ. The trial court imposed a mandatory life sentence. *See* Tex. Penal Code 12.31; Tex. Code Crim. Proc. art. 37071 § 1. Diaz appealed his conviction. On August 2, 2005, the Court of Appeals for the Fifth District of Texas affirmed Diaz's conviction, *Diaz v. State*, No. 05-03-01796-CR, 2005

WL 1810102 (Tex. App.—Tyler 2005, no pet.), and he did not file a petition for discretionary review (PDR).

On September 10, 2020, Diaz filed a state application for writ of habeas corpus by certified mail. Thereafter, on October 20, 2021, the Texas Court of Criminal Appeals (CCA) denied his application without a written order.

Then, on March 28, 2022, Diaz filed his § 2254 petition (ECF No. 1) and memorandum in support (ECF No. 2). In a single ground for relief, Diaz argues that his attorney provided ineffective assistance of counsel when he: (i) conducted an inadequate jury selection; (ii) failed to invoke "The Rule," Pet. 6 (ECF No. 1); (iii) failed to object to the introduction of evidence; and (iv) failed to object to testimony that Diaz had previously been in prison. Respondent filed an answer arguing Diaz's petition should be dismissed with prejudice because it is time-barred. Diaz did not file a reply.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, Diaz has failed to show the provisions of § 2244(d)(1)(B)-(D) are implicated; therefore, § 2244(d)(1)(A) applies.

The Fifth Court of Appeals affirmed Diaz's conviction on August 2, 2005. Diaz did not file a PDR. Therefore, his conviction became final on September 1, 2005, thirty days after the Court of Appeals affirmed the judgment. *See* Tex. R. App. P. 68.2(a) (stating a first petition must be filed within 30 days after the court of appeals' judgment is rendered). Diaz then had one year, until September 1, 2006, to file his federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Yet, Diaz waited until March 28, 2022—*more than*

*fifteen years* after the deadline expired—to file a federal habeas petition. Diaz's petition is therefore untimely.

Diaz filed a state habeas application, which generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). In this case, however, Diaz's state habeas application, filed on September 10, 2020, did not toll the limitations period because it was filed after the limitations period expired on September 1, 2006. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott*, 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

III.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Diaz's § 2254 petition includes the following instruction:

> If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

Pet. 9 (ECF No. 1). Diaz responded: "The one-year period of limitation is met because the writ is not time barred by the AEDPA." *Id.* Thus, Diaz did not make any argument in favor of equitable tolling, as he apparently believed his petition was timely under the AEDPA.

5

Moreover, even if Diaz had presented an argument in favor of equitable tolling, it would fail because he has not demonstrated that he acted with diligence in pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (holding the petitioner failed to establish he acted with the requisite diligence); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). As discussed, Diaz's petition was at least fifteen years late.

Last, Diaz's habeas claims are all claims for ineffective assistance of trial counsel and address matters that took place before the trial court, which entered its corrected judgment on October 30, 2003. Diaz does not rely on any new facts or evidence not available to him at the time he was convicted or within a manner to allow him to timely pursue these claims. Diaz has failed to show that he pursued his claims diligently so as to justify equitable tolling. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

In sum, Diaz has not stated a sufficient basis for applying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity

with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

## IV.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[1] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Diaz fails to raise an actual innocence claim in his petition. *See* Pet. (ECF No. 1). Therefore, he has not demonstrated that actual innocence serves as a gateway through which his time-barred petition can pass. Diaz's petition is time-barred and should be dismissed with prejudice.

## V.

The Court should DISMISS Diaz's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period, *see* 28 U.S.C. § 2244(d).

Signed July 28, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.